IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARY DERHEIMER and DONALD THOMAS,

    Plaintiffs,

v.

FULTON-DEKALB HOSPITAL AUTHORITY d/b/a GRADY HEALTH SYSTEM and GRADY MEMORIAL HOSPITAL CORPORATION,

    Defendants.

Civil Action No.
1:11-cv-02554-CC-LTW

## **MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

This matter is presently before the Court on Plaintiff Mary Derheimer and Donald Thomas's (collectively "Plaintiffs") Motion to Dismiss the Action pursuant to Federal Rule of Civil Procedure 41(a)(2). Docket Entry [56]. Plaintiffs move to dismiss this action without prejudice because Plaintiffs need to fully divert their limited financial resources and energies towards another potential legal matter. (Pls.' Mot., Docket Entry [56], pp. 2-3). Defendants Fulton-DeKalb Hospital Authority d/b/a Grady Health System and Grady Memorial Hospital Corporation (collectively "Defendants") do not oppose Plaintiffs' request to dismiss their action, but do seek costs, including attorneys' fees, related to their defense of this action to date. Docket Entry [57].

Rule 41(a)(2) gives district courts the authority to dismiss an action at the plaintiff's request. See Fed. R. Civ. P. 41(a)(2) ("Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance

save upon order of the court and upon such terms and conditions as the court deems proper."). "The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2), [and] 'in most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result.'" Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001) (citing McCants v. Ford Motor Co., Inc., 781 F.2d 855, 857 (11th Cir. 1986)) (emphasis in original). "In exercising its 'broad equitable discretion under Rule 41(a)(2),' the district court must 'weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate.'" Id. at 1256 (citing McCants, 781 F.2d at 857). Unless otherwise specified, the dismissal is without prejudice. See Fed. R. Civ. P. 41(a)(2).

In this case, Defendants do not object to Plaintiffs' request to dismiss their action against them, but Defendants do ask this Court to impose costs if the dismissal is without prejudice. According to Plaintiffs, only written discovery has been exchanged; there has been no production of documents by any party; and no depositions have been taken. While the undersigned appreciates that Defendants have incurred various costs in their defense of this action, the undersigned concludes that imposing fees is unwarranted, given the early stage of this litigation. Therefore, the undersigned **RECOMMENDS** that Plaintiffs' action be **DISMISSED WITHOUT PREJUDICE**. Docket Entry [56]. However, the undersigned further **RECOMMENDS** that the

2

following condition be attached to the dismissal of Plaintiffs' claims against Defendants: if Plaintiffs re-file their action against Defendants, the Court will assess whether Defendants' costs from this action should be imposed against Plaintiffs pursuant to Fed. R. Civ. P. 41(d). See Versa Prods., Inc. v. Home Depot, USA, Inc., 387 F.3d 1325, 1328-29 (11th Cir. 2004) (concluding district court did not abuse discretion by granting plaintiff's request for voluntary dismissal without prejudice on the condition that plaintiff pay costs of defendant upon refiling, thereby addressing any financial prejudice to defendant); Pontenberg, 252 F.3d at 1260 (same).

**SO REPORTED AND RECOMMENDED** this 23 day of May, 2012.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE